UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**NICOLE MCCOY**    CASE NO. 3:22-CV-05541

**VERSUS**    JUDGE JAMES D. CAIN, JR.

**ALLIED TRUST INSURANCE CO**    MAG. JUDGE KAYLA D. MCCLUSKY

**MEMORANDUM ORDER**

Before the court is a reexamination of the court's subject matter jurisdiction, undertaken following a hearing on a Rule to Show Cause [doc. 6]. For the reasons stated below, the court finds that subject matter jurisdiction exists over the suit and that it may proceed under the Case Management Order.

**I.**
**BACKGROUND**

This suit arises from damage inflicted by Hurricane Delta, which made landfall in Southwest Louisiana on October 9, 2020. Plaintiff Nicole McCoy alleges that she owned a home in Monroe, Louisiana, which was insured at all relevant times under a homeowner's policy issued by defendant Allied Trust Insurance Company ("Allied") and suffered damage in the storm. She further alleges that Allied failed to timely or adequately compensate her for her covered losses under the policy. Accordingly, she filed suit in this court on October 4, 2022, raising claims of breach of contract and bad faith under Louisiana law and invoking the court's diversity jurisdiction under 28 U.S.C. § 1332. Doc. 1.

Plaintiff's counsel had filed several hundred other hurricane cases in this court just before the statute of limitations deadlines for Hurricanes Laura and Delta. After noting irregularities in some of these filings, the court stayed all of the firm's cases and began to review them. Doc. 5. As to this case, the court issued a Rule to Show Cause why counsel should not be sanctioned under Federal Rule of Civil Procedure 11(b)(3). Doc. 6. Specifically, the court noted representations that the amount in controversy in this case exceeded the jurisdictional threshold of $75,000 even though the matter arose from Hurricane Delta damage in Monroe, Louisiana, an area that saw minimal impacts from that storm. *Id.* At a hearing on the rule, Allied contested subject matter jurisdiction and argued that plaintiff's use of an unlicensed estimator to establish damages violated Louisiana law. The parties then submitted briefs on the issues. Accordingly, the court now examines its subject matter jurisdiction.

## II.
## LAW & APPLICATION

Federal courts are courts of limited jurisdiction, possessing "only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, the court "is duty-bound to examine its subject matter jurisdiction *sua sponte*" and must address any challenges to same before reaching the merits of the case. *Burciaga v. Deutsche Bank Nat'l Trust Co.*, 871 F.3d 380, 384 & n. 4 (5th Cir. 2017).

Federal courts have original jurisdiction over all suits between citizens of different states where the amount in controversy "exceeds the sum or value of $75,000, exclusive of

interest and costs[.]" 28 U.S.C. § 1332. If the amount in controversy is not readily apparent from the complaint, then the court looks to summary judgment evidence to determine if the requirement was satisfied at the time of removal. *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). If a state statute provides for attorney's fees, those fees are included in the amount in controversy. *Manguno*, 276 F.3d at 723. Here the diversity of citizenship requirement is met but defendant asserts that the "matter in dispute" does not exceed $75,000.

    Plaintiff seeks to recover penalties and attorney's fees in addition to the damages allegedly caused to her property. Under Louisiana Revised Statute 22:1973, an insurer that fails to pay a claim upon satisfactory proof of loss is subject to penalties "in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater," if its failure was arbitrary and capricious. However, a plaintiff must show proof of actual damages arising from the insurer's breach of the imposed duty to recover any more than $5,000. *Durio v. Horace Mann Ins. Co.*, 74 So.3d 1159, 1170–71 (La. 2011). Under Louisiana Revised Statute 22:1892, the penalty is an additional fifty percent of the amount due under the policy or $1,000, whichever is greater. A plaintiff can only recover penalties under one of these statutes but may recover attorney fees under § 22:1892 even if he receives punitive damages under § 22:1973. *Kodrin v. State Farm Fire & Cas. Co.*, F. App'x 671, 678–79 (5th Cir. 2009).

    Here, as shown from the court's Rule to Show Cause, the amount in controversy was not readily apparent from the complaint. To show the scope of contractual damages,

plaintiff relies on an estimate prepared by "Scope Pros LLC" on February 24, 2022. Doc. 9, att. 5. This estimate describes damages from Hurricane Ida (which made landfall in Southeast Louisiana on August 29, 2021) rather than Hurricane Delta.[1] It indicates that the replacement and actual cash value of her covered losses is approximately $143,000, comprising $107,000 in damages to the dwelling and $36,000 to other structures. *Id.* at 9. The estimate also contains several dozen photographs, showing damage to roof shingles and to other/attached structures such as fences and a deck. *Id.* at 10–75. The damage to the interior of the home is not as apparent from the photos, but they do show a small water stain on the ceiling, a bent window screen, and loose insulation in the attic. *Id.* To the response brief plaintiff has also attached a spreadsheet submitted as part of a settlement demand, asserting approximately $82,000 still owed after subtracting deductibles, payments already made by Allied, and a non-binding appraisal award of $22,000. Doc. 14, att. 2. Allied, in turn, relies on the appraisal award and disputes the admissibility of plaintiff's evidence as inadmissible hearsay. It also asserts that the Scope Pros estimate cannot be used to establish damages since it did not come from a licensed public adjuster. Docs. 13, 17.

    Without reaching arguments as to the reliability and admissibility of plaintiff's estimates, the court notes that the photos attached are admissible and that they establish moderate damage to other structures as well as potential for interior damage and a need for roof replacement. Any bad faith damages and attorney's fees assessed to Allied for their

---

[1] In their briefs plaintiff's counsel refer to Hurricane Delta damage; accordingly, the error appears to be in the estimate. Still, the lengthy delay between the inspection and the event raises questions of causation for the court if the property was not covered during both storms.

pre-suit failure to pay same could place the amount in controversy for this matter above the jurisdictional threshold, especially given the lengthy delay between Hurricane Delta and the filing of this suit. Accordingly, the court is satisfied that it has subject matter jurisdiction over this suit under 28 U.S.C. § 1332. Plaintiff is cautioned, however, that her estimate may not be admissible at trial

### III.
#### CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the stay in this matter be **LIFTED** and that it proceed in litigation under the court's Case Management Order.

**THUS DONE AND SIGNED** in Chambers on this 24th day of January, 2023.

*[signature]*

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**